IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STATE OF TEXAS and TEXAS      §
DEPARTMENT OF PUBLIC SAFETY,    §
                               §
     Plaintiffs,                §
                               §
V.                             §      No. 3:21-cv-1905-C-BN
                               §
DELORIS PHILLIPS,          §
                               §
     Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Deloris Phillips filed a *pro se* notice "removing" this action to federal court,

explaining that she "desires to appeal from the denied application for occupational

license by Dallas County Court and Presiding Justice, Honorable Charles Stokes. The

Order denying occupational license was rendered on 08.13.2021." Dkt. No. 2 at 2.

Phillips further alleges that her "Constitutional Rights are methodically violated by

Dallas' relentless 'open' quid pro quo." *Id.*

Senior United States District Judge Sam R. Cummings referred this action to

the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

As another judge on this court has summarized, Phillips

"has been deemed a pernicious, abusive, and vexatious litigant by the
United States Court of Appeals for the Fifth Circuit and by this Court."
*Phillips v. Federal Bureau of Investigation*, 3:13-CV-1571-B, Dkt. No. 10
(N.D. Tex. May 20, 2013) (citing *Phillips v. United Parcel Serv.*, No. 11-
10766, Order at 1-2 (5th Cir. May 16, 2012)). Both courts have barred
her from communicating with the clerk's office in each court and from
proceeding with any civil action without leave. *Id.*; *see also Phillips v.*

*City of Dallas, et al.*, 3:14-CV-3131-M, Dkt. No. 22 at 2-3 (N.D. Tex. Dec. 19, 2014) (recommendation of Mag. J.), *accepted by* Dkt. 25 (N.D. Tex. Jan. 14, 2015); *Phillips v. United Parcel Serv.*, No. 3:11-CV- 2861-B, Dkt. No. 57 (N.D. Tex. Oct. 19, 2012). In this district, she is prohibited from proceeding with any civil action unless she first obtains permission to proceed from a U.S. District Judge. (*See* 3:14-CV-3131-M, Dkt. No. 25.)

*Phillips v. Dall. City Attorney's Office*, No. 3:16-cv-1845-N-BH, Dkt. No. 11 at 1 (N.D.

Tex. June 30, 2016). Specifically,

> Deloris Phillips is prohibited from proceeding with any civil action in this Court (the United States District Court for the Northern District of Texas) – whether she files it in this Court, she files it in another court and it is removed to this Court, or she files in another federal court and it is transferred to this Court – unless she obtains from a district judge of this Court leave to proceed in this Court.
>
> If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Phillips seeks, in writing, leave from a district judge of this Court to proceed in this Court.

*Phillips v. City of Dall.*, No. 3:14-cv-3131-M, 2015 WL 233336, at *8 (N.D. Tex. Jan.

14, 2015), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam), *cert.*

*dismissed*, 137 S. Ct. 2119 (2017).

Phillips failed to obtain written leave before "removing" this lawsuit. The Court

should therefore honor the prior sanctions orders by administratively closing this

action and instructing the Clerk of Court to docket, for administrative purposes only,

and then terminate any pending and future motions in this action, as no action should

be taken on those filings while this action remains closed under the sanctions orders.

Further, if Phillips does seek leave in writing to proceed in this lawsuit, the

Court should deny such a request.

Putting aside what appears to be Phillips's attempt to remove a closed state

court case (or a completed appeal of a state court decision adverse to her), the relief

that she seeks in substance is barred by the *Rooker-Feldman* doctrine.

> "Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]."

*Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980); collecting cases; footnotes omitted).[1]

And Phillips cites no federal statute that provides an established exception to the *Rooker-Feldman* doctrine. *Cf. Miller v. Dunn*, No. 3:20-cv-759-E, 2020 WL 6504663, at *3 (N.D. Tex. Nov. 5, 2020) (Section 1983 is "not a specific delegation to the federal courts that upsets how constitutional determinations are reviewed in the state courts" and "allows a collateral attack on a state court judgment where, like here, a plaintiff's constitutional claims are 'inextricably intertwined' with the state

---

[1] *See also Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020) (Plaintiff "cites no legal authority … suggesting that we or the district court have power to order the [state] court to reconsider its order. He similarly does not explain how such an order from us or the district court would not be an extrajurisdictional 'collateral attack[ ] on' the [state] court's proceedings." (quoting *Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 (5th Cir. Jan. 4, 2000) (per curiam) ("[T]he *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction over [a plaintiff's] case."))); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) ("[T]he complaint is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders.").

court's rulings against him." (citing *Reed v. Terrell*, 759 F.2d 472, 473-74 (5th Cir. 1985) ("[T]his Court's review of the record in the instant case reveals that the plaintiffs' suit is 'patently an attempt to collaterally attack the validity of [the state court judgment].' A review of the plaintiffs' pleadings and arguments in the instant case reveals that this suit is 'inextricably intertwined' with the state court's awards against the plaintiffs. Thus, the district court did not err in dismissing the instant suit for want of jurisdiction." (quoting *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir. 1979), then *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983); citation omitted)))).

### Recommendation

The Court should (1) administratively close this action for Deloris Phillips's failure to comply with the terms of prior sanctions orders entered by this Court; (2) deny any written request for leave to proceed in this action that Phillips may file; and (3) instruct the Clerk of Court to docket, for administrative purposes only, and then terminate any pending and future motions in this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

- 4 -

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE